MACKENZIE & ALBRITTON LLP
JAMES A. HEARD (SBN 114940)
Email: jheard@mallp.com
MELANIE SENGUPTA (SBN 244615)
Email: m.sengupta@mallp.com
155 Sansome Street, Suite 800
San Francisco, California 94104
Telephone: (415) 288-4000
Facsimile: (415) 288-4010

GARY R. CLOUSE (SBN 111055)
ISAACS CLOUSE CROSE & OXFORD LLP
Email: gclouse@icclawfirm.com
401 Wilshire Boulevard
12th Floor Penthouse
Santa Monica, CA 90401
Telephone (310) 458-3860

Attorneys for Plaintiff Los Angeles SMSA Limited Partnership,
d/b/a Verizon Wireless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES SMSA LIMITED PARTNERSHIP, a California limited partnership d/b/a VERIZON WIRELESS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ARCADIA,<br><br>Defendant. | CASE NO.: 2:17-cv-03778 DSF (JEMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Hon. Dale S. Fischer |

~~Exhibit A~~

1     Having reviewed the Stipulation Regarding Protective Order between the City of Arcadia (the "City" or "Defendant") and Los Angeles SMSA Limited Partnership ("Verizon Wireless" or "Plaintiff"), and good cause appearing,

    IT IS HEREBY ORDERED as follows:

    This protective order (the "Protective Order") shall govern the production or disclosure of any document, record, or information designated as CONFIDENTIAL ("Confidential Information") and produced by the parties or their agents during the course of initial disclosures, discovery, pretrial proceedings, or trial in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials, whether produced informally, in response to interrogatories, requests for admissions, requests for production of documents, or any other formal method of discovery. In addition, the Parties contemplate that Confidential Information may be produced by a non-party, and this Protective Order shall govern any designated Confidential Information produced by a non-party. This Protective Order also shall govern any designated document, record, or information produced in this action pursuant to disclosures required under any applicable Federal Rule of Civil Procedure or Central District of California Local Rule.

**1. DESIGNATION**

    The City has sought discovery regarding the performance and coverage of Plaintiff's wireless telecommunications system and its internal decision-making, which may include information regarding: dropped calls, blocked calls, system accessibility, and other network performance data, antenna and sector site maps, the number of Verizon Wireless subscribers within the City of Arcadia or a designated portion thereof, "drive tests" and related system performance reports prepared by Verizon Wireless or its consultants, the "propagation models" and drive tests Verizon Wireless employs for predicting system performance, existing and other potential antenna locations serving the City of Arcadia, methodologies for

1 evaluating the need for and location of new wireless communication facilities, and
2 other documents or information that constitute or contain "trade secret or other
3 confidential research, development, or commercial information" within the meaning
4 of Rule 26(c).

5     Verizon Wireless may designate as "CONFIDENTIAL" any discovery
6 responses or disclosures within the above categories. Any Confidential Information
7 shall be clearly marked "CONFIDENTIAL" prior to production, or subsequent to
8 selection for copying (i.e., in cases where Confidential Information is made
9 available for review prior to production), but prior to the actual copying. In addition
10 to the pending discovery, there may arise during the course of this litigation other
11 disclosures of Confidential Information, whether by additional discovery requests,
12 depositions, motions and other submissions to the court, and the like. This
13 Protective Order covers these instances, and any other occasions in which
14 Confidential Information may be produced or disclosed.

15     If it comes to Verizon Wireless's attention that information or items that it
16 designated for protection does not qualify for protection, Verizon Wireless must
17 promptly notify the City and withdraw the mistaken designation.

18 **2. NOTICE AND MARKINGS**

19     Any documents, material or information may be designated as Confidential
20 Information by stamping "CONFIDENTIAL" on each page in such manner that the
21 written matter is not obliterated or obscured. Plaintiff may designate any portion or
22 all of a deposition as Confidential Information by notifying the City on the record
23 during the deposition or in writing within fifteen (15) business days of the receipt of
24 the transcript. The Parties shall automatically treat all information disclosed at a
25 deposition as CONFIDENTIAL for fifteen (15) business days after receipt of the
26 transcript. After such fifteen-day period, any information that has not been
27 designated CONFIDENTIAL shall no longer be subject to this Protective Order,
28 except as set forth in Section 3, below.

3
[PROPOSED] PROTECTIVE ORDER

### 3. INADVERTENT FAILURE TO DESIGNATE

Failure to designate or stamp as CONFIDENTIAL at the time of production shall not be a waiver of the protection for Confidential Information provided that counsel promptly notifies the receiving party upon realizing the failure. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made before receiving such notice.

### 4. OBJECTION TO DESIGNATION

The City may object to the designation of any material as Confidential Information at any time. If the City objects to Plaintiff's designation of Confidential Information, then the Parties shall meet and confer pursuant to Rule 26(c). If the Parties cannot resolve the City's objections, then the City may file a motion challenging the disputed designation. Until the Court rules on Plaintiff's motion, the City shall treat the information as Confidential Information. On any motion challenging the designation of Confidential Information, Verizon Wireless shall bear the burden of justifying the Confidential Information designation.

### 5. USE OF CONFIDENTIAL INFORMATION

Confidential Information as defined herein shall be used solely for the purpose of this action and shall not be used for any other purpose whatsoever or disclosed to any person or entity except the following:

a. The attorneys of record in this action and their employees or contractors (such as photocopy services) who are assisting them in this action;

b. Independent experts who have been retained by the City or its attorneys for this action, provided that each independent expert shall first sign a copy of this Protective Order, which shall be deemed to acknowledge notice and consent to the terms of this Protective Order, and consent to the continuing jurisdiction of the Court for the purposes of enforcing and remedying any violations of this Order. In addition, if the independent expert is an employee or agent of a person or entity providing commercial mobile radio services, the City must disclose that fact at least

ten (10) days before first disclosing information to that expert, so that Verizon Wireless may seek appropriate additional protections from the Court. The City's counsel shall maintain a copy of the Protective Order signed by such individuals, and shall furnish a copy to the opposing party immediately after signing. Counsel shall take all reasonably necessary steps to prevent the unauthorized disclosure of any Confidential Information, and will be required to disclose the identity of any expert in connection with enforcement of this Order;

    c.    Officers, directors, or employees of the Parties who require the information to assist in or evaluate this action;

    d.    The Court and persons associate with or employed by the Court whose duties require access to the information;

    e.    The author of the document and any person identified as a recipient of the document on its face as well as any employee or former employee of the designating party;

    f.    The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition; and

    g.    Other persons, as agreed to in writing or on the record by all Parties, to whom counsel seeking agreement in good faith believes it is necessary to disclose such Confidential Information in order to prepare for trial.

**6.    RELATED DOCUMENTS**

Confidential Information shall include all documents and information designated as CONFIDENTIAL, and in addition shall include: (a) all copies, extracts and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits thereto that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such documents, copies, extracts, or

summaries; (d) designated deposition testimony; and (e) designated testimony taken at a hearing or at other proceedings.

### 7. CONFIDENTIAL INFORMATION SUBMITTED TO COURT

At such time as the Parties file pleadings, motions, or exchange exhibits prior to trial, Verizon Wireless and the City shall identify those pleadings, motions, and exhibits which are or include Confidential Information. If the City wishes to file any Confidential Information with the Court, or any pleadings which disclose Confidential Information, the parties shall meet and confer in an attempt to eliminate or minimize the need for filing under seal by means of redaction, as required under Local Rule 79-5.2.2(b). If the parties cannot reach agreement on the extent of any redaction, the City may thereafter file an application for leave to file the document(s) in question under seal pursuant to Local Rule 79-5.2.2. The City shall not file in the public case file any document(s) which contain any Confidential Information except as permitted by order of this Court.

### 8. CONFIDENTIALITY OF PARTY'S OWN DOCUMENTS

No person may disclose, in public or private, any designated Confidential Information of another party except as provided for in this Protective Order, but nothing in this Order shall affect the right of Verizon Wireless to disclose to its own officers, directors, employees, attorneys, consultants or experts, or to any other person, information or document designated by it as CONFIDENTIAL. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information or documents in violation of it.

### 9. CONFIDENTIAL INFORMATION FROM A NON-PARTY

If any non-party is to produce any documents or information to Parties in this action that the non-party reasonably believes contains Confidential Information, the non-party shall have the same rights and responsibilities as the Parties to designate documents and information as Confidential Information under this Protective Order.

### 10. OBLIGATIONS OF PARTIES

Each of the Parties and their counsel of record agrees to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

In the event the City or any person under its supervision or control discloses any Confidential Information to any person not authorized to receive such disclosure under this Protective Order, the City shall immediately notify counsel for the party whose Confidential Information has been disclosed and provide to such counsel all known information concerning the nature and circumstances of the disclosure. The City shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

### 11. INDEPENDENTLY OBTAINED MATERIAL

Verizon Wireless shall not object on grounds of confidentiality to the use of any document the City obtains independently from Verizon Wireless outside of the context of this litigation.

### 12. TERMINATION OF LITIGATION

Within ninety (90) days of the final conclusion of this litigation by settlement or final judgment (including the resolution of any appeal thereof), all persons subject to the terms of this Order shall (i) destroy or assemble and return to the producing party all Confidential Information, (ii) destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Information; and (iii) provide an affidavit to the producing party's counsel confirming that they have either destroyed or assembled and returned to the producing party all Confidential

Information (including but not limited to any documents that contain or disclose such information).

The terms of this Protective Order shall survive and remain in full force and effect after the termination of this lawsuit and the Court shall have jurisdiction over the Parties, their attorneys, and all persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

### 13. ADDITIONAL PROTECTION

Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 14. GOOD CAUSE STATEMENT

Rule 26(c) states that a court may enter a protective order, "for good cause," "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Rule 26(c) includes a non-exhaustive list of the kinds of information that may be subject to such a protective order: "trade secret or other confidential research, development, or commercial information." Courts have long safeguarded a party's confidential business or technical information wherever there is a threat of serious economic injury through protective orders. *Landco Equity Partners, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510, 515 (D. Colo. 2009) ("[P]rotective orders ... are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential

financial information"); *Phillips v. Byrd,* 307 F.3d 1206, 1211-1212 (9th Cir. 2002) ("[t]he law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of development, or commercial information"); *Motorola, Inc. v. Interdigital Tech. Corp.*, No. Civ.A. 93-488-LON, 1994 WL 16189689, at *2 (D. Del. Dec. 19, 1994) ("Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury").

The parties agree that in the course of discovery and presenting evidence in this case, certain documents and information pertaining to Verizon Wireless's network performance, business plans, , and internal decision-making are likely to reveal sensitive trade secrets or other confidential research and development within the meaning of Federal Rule of Civil Procedure 26(c). Disclosure of such information in the absence of a protective order would result in serious economic and commercial injury to Verizon Wireless and infringe on the privacy interests of third parties.

Accordingly, the Parties have stipulated to this Protective Order pursuant to Rule 26(c) and agree that good cause exists for entry of a protective order.

IT IS SO ORDERED.

Date: 9/8/2017

~~The Hon. Dale Fischer~~
JOHN E. MCDERMOTT

U.S. MAGISTRATE JUDGE

# ACKNOWLEDGEMENT

I acknowledge receipt of a copy of the foregoing Protective Order (the "Order"), confirm that I have read it, and agree that my receipt of Confidential Information as defined therein shall be subject to and governed by the terms of the Order. I further acknowledge and consent to the continuing jurisdiction of the issuing Court for the purposes of enforcing and remedying any violations of the Order.

Dated: _____     _____
                                              Signature of recipient

                                              _____
                                              Printed name of recipient